THIS was an action of assumpsit on due bills, promissory notes, and other written promises to pay money, numbering twelve in all, made in the years 1854, 1855, 1856, 1857, and 1861, by the decedent of the defendant to the decedent of the plaintiff, and was commenced on the 14th day of October, 1874, with the usual pleas andplene administravit, and no assets beyond one thousand dollars which is admitted to be due to the plaintiff. The counsel for the plaintiff, after proving partial payments and admissions of a continued indebtedness on these several demands made by the former to the latter decedent within six years prior to the commencement of the action to take it out of the operation of the statute of limitations, which was one of the pleas in the case, produced and tendered to the court the probate of the plaintiff's demand to the amount of eight thousand nine hundred and twenty-eight dollars and fifty-one cents, made by The Fidelity Safe Deposit and Trust Company *Page 529 
of the State of Pennsylvania, administrator of Theophilus T. Deringer, deceased, and which was executed by the treasurer of the company.
G. B. Rodney, for the defendant, objected to it because probates against the estates of deceased persons are provided for and prescribed by our statute, and are absolutely required by it for the protection of such estates against unjust and illegal demands, and our courts have always held that it must be properly complied with according to the true intent and meaning of it. For a "debt due to a corporation," it very properly provides that the probate shall be made by the cashier or treasurer of it; this, however, was not a debt due to this corporation within the obvious meaning and intention of the statute, and for the justice of which it requires the solemn oath or affirmation of such an officer of the corporation to be taken when it is due to such corporation in its own inherent right, but if due to any one it was due to Theophilus T. Deringer in his lifetime, and to his estate, as we express it, which is the same thing, now that he is dead.
Higgins (Spruance with him) replied that it had been decided by the highest court in the State that this corporation is competent to maintain this action in this court as the administrator of Theophilus T. Deringer, deceased, duly appointed in the State of Pennsylvania under its act of incorporation in that State, and this being a debt due to it as such, the probate could be and had been probably made by it in such a case.
The Court,